## QUIGLEY *v.* MERRITT *et al.*

In actions *ex contractu*, as well as in those *ex delicto*, the plaintiff may enter a *nolle prosequi* as to a part of the defendants, when they sever in their pleas, and plead matter going to their personal discharge.

So, when they simply sever in their pleas, without looking at the matter of the plea.

In an action on an implied assumpsit against several defendants, a *nolle prosequi* as to a part of the defendants, is not regarded as a *retraxit* or release, and therefore, it does not operate to discharge the other defendants.

Where in an action against several defendants, for money had and received for the use of the plaintiff, the defendants severed in their pleas, each pleading matter going to his separate discharge; and where on the trial, after some testimony had been given to the jury, the plaintiff entered a *nolle*

*prosequi* as to all the defendants, except one; and where the court, on motion of the remaining defendant, held that the *nolle prosequi* operated to dismiss the action as to the remaining defendant also, and the action was dismissed; *Held*, That the court erred in dismissing the action.

*Appeal from the Dubuque District Court.*

THE plaintiff sued the defendants for money had and received to his use. The defendants severed in their pleas, each pleading matter pertaining to himself alone. Rogers denied having received money to the use of plaintiff; answering, however, that Booth, (of the firm of Barney & Co.), requested him to deliver certain moneys to Merritt, which he took and so delivered. Barney & Co. answer that plaintiff authorized Booth, one of the firm, to receive certain money coming to plaintiff, from the United States, on a surveying contract, and pay it to certain persons, among whom was Merritt, and that Booth received it, and so paid it. Merritt answers that he received the money, and claims that he had a right to receive it, and also to hold it to his own use, upon grounds which are set forth. On the trial, some testimony having been given before the jury, the plaintiff entered a *nolle prosequi* as to all the defendants, except Merritt, whereupon, on motion of the counsel of Merritt, the court held that this *nolle prosequi* operated to dismiss the action, as to the remaining defendant also. From this decision, the plaintiff appeals.

*Smith, McKinlay & Poor,* for the appellant.

*J. Burt* and *Samuels & Cooley,* for the appellee.

WOODWARD, J.—In actions *ex contractu,* as well as in those *ex delicto,* the plaintiff may enter a *nolle prosequi* as to part of the defendants, when they sever in their pleas, and plead matter going to their *personal* discharge. 1 Saund. 207, *a, b*; *Noke* v. *Ingham,* 1 Wils. 89, and see 3 Esp. 77, *S. C.*; Jac. L. Dict. title *Nol. Pros.* And this is probably so, when they simply sever in their pleas, without look-

ing at the matter of the plea. Saund. *ut.* *sup.* There is no assumpsit in the present case, except as implied by the law ; at least it may be so, for the action may be. founded on a wrong, but waiving the *tort.* · The entering a *nolle prosequi* is not regarded as ·a *retraxit* or ·a release, and therefore, it does not operate upon the others. In those cases where it cannot be done, it stands upon other reasons. The court should have permitted the plaintiff to proceed against the remaining defendant.

The judgment is reversed.